HOLMAN LAW OFFICE
Kristina S. Holman, SBN No. 3742
8275 S. Eastern Ave., Suite 215
Las Vegas, NV 89123
Tel: (702) 614-4777
Fax: (702) 487-3128
Email: *kholman@kristinaholman.com*
*Attorney for Plaintiff, Fletcher Howe*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FLETCHER HOWE,<br><br>          Plaintiff,<br><br>vs.<br><br>FIRSTKEY HOMES, LLC; DOES I THROUGH X, INCLUSIVE; and, ROE CORPORATIONS 1 through X, inclusive.<br><br>          Defendants. | CASE NO.:<br><br>**COMPLAINT**<br>**(Jury Demanded)** |

PLAINTIFF, FLETCHER HOWE, by and through his attorney, Kristina S. Holman, and complains and alleges as follows:

### JURISDICTION AND VENUE

1.      This is a civil action for damages under federal statutes prohibiting age discrimination and retaliation, and to secure the protection of and to redress deprivation of rights under these laws.

2.      This is a civil action for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff by the common law and by Section 7(b), 29 U.S.C. § 626(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"), which incorporates by reference Section 16(b), 29 U.S.C. § 216(b), of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq.; §706 of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e-5. The Plaintiff asserts he was treated differently and terminated from his employment because of his age.

3. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5(f)(3), have occurred or been complied with as herein described:

(a) Plaintiff submitted his Intake Inquiry Form to the NERC on or about April 25, 2019, which is within the 300 days of the commission of the unlawful employment practices. Plaintiff signed and filed a formal "Charge of Discrimination" (EEOC Charge No. 34B-2019-00883C, copy attached as Exhibit 1) on July 11, 2019.

(b) Plaintiff received the Right to Sue Notice on or about April 22, 2022. Therefore, Plaintiff has filed his Complaint in a timely manner.

4. Venue is proper in the Federal District Court of Nevada pursuant to 28 U.S.C. §1391(b) because the unlawful employment practices were committed in and arose in the District of Nevada.

## THE PARTIES

5. Plaintiff, FLETCHER HOWE, during the relevant time period, was a resident of the County of Clark, State of Nevada. At all relevant times, FIRSTKEY HOMES, LLC, (hereinafter "FirstKey," "Employer" or "Defendant") hired Plaintiff as a Field Inspector on or about January 30, 2018 for the Las Vegas, Nevada location.

6. Defendant FirstKey is a corporation licensed to conduct business in Nevada with its corporate office in Marietta, Georgia and local office in Las Vegas, Nevada, and is qualified to do business in the State of Nevada.

. . .

. . .

7. As Plaintiff's employer during the relevant time period, Defendant FirstKey is required to comply with all state and federal statutes which prohibit harassment and discrimination on the basis of age discrimination and retaliation.

8. Doe Defendants I-X, inclusive, are persons whose true identities are unknown to Plaintiff at this time. Individual Doe Defendants are persons acting on behalf of or at the direction of any corporate or business Defendants or who may be officers, employees, or agents of Defendant FirstKey and/or Roe Corporation and acted to deprive Plaintiff of his rights. The Roe Corporations may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisers, de facto partners, or joint ventures of Defendant FirstKey. Plaintiff alleges that individual Does I-X and Roe Corporation Defendants I-X may have authorized, committed, directed, and/or assisted in the commission or ratified the commission of the unlawful discriminatory and/or tortious acts directed toward Plaintiff and thus, may be responsible in whole or in part, for his damages. Plaintiff will seek leave to amend this Complaint as soon as the true identities of Doe/Roe Defendants are revealed.

## FACTS

9. On or about January 29, 2018, FirstKey hired Mr. Howe, who was 70 years of age at the time, for the Las Vegas office. He brought with him 12 years of experience and expertise in the property inspection and renovation field. Throughout the course of his employment, he performed his duties and responsibilities above and beyond what was required of him, as he sought to bring the best service to the company and its clients.

10. Beginning in or around April 2018 and continuing throughout the remainder of his employment, FirstKey subjected Mr. Howe to harassment and discrimination in the workplace based

upon his age. He was treated differently than other similarly situated younger employees and was unfairly singled out simply based on his age.

11. Some time in June 2018, Mr. Howe attended additional training in Indianapolis. He was introduced to a field supervisor who stated, "Oh, you're the old guy they sent over for training. They said you can't run your computer and are slow in your inspections," or words to that effect.

12. Mr. Howe was also informed that, in a conversation at the Phoenix office between his direct supervisor, Monica Adams, and another employee, Sarah Khoury, it was said that Mr. Howe was "just old and his attitude sucks," or words to that effect.

13. On or about May 21, 2022, FirstKey issued Mr. Howe a 30-Day Performance Improvement Plan, to which Mr. Howe responded by email to Defendant questioning the restrictions and requirements listed in the plan. That performance plan contained discriminatory job assignment/performance requirements including but not limited to:

    a) a 30-minute time limit for a full Property Knowledge Worksheet (PKW) with Rently Box install;

    b) time management requirements that included 10 full PKW/Rently Box install per day; and,

    c) no overtime requirements – concurrent.

14. None of those performance requirements were required of the other similarly situated employees, all of whom were younger than Mr. Howe.

15. On or about May 25, 2018 and June 11, 2018, Mr. Howe filed two internal complaints regarding this performance plan, alleging discrimination.

. . .

. . .

16. On or about June 15, 2018 through August 13, 2018, FirstKey continued to engage in a series of discriminatory acts and what Mr. Howe regarded as retaliatory actions against him, including but not limited to:

   a) a continuance of the 30-minute time limit requirement to conduct full PKW/Rently Box inspection/install and to complete 10 full inspections per day (younger employees regularly completed less than 10); and,

   b) denial of the opportunity to resolve his complaints as stated in FirstKey's policies and procedures by failing to respond to his multiple requests for dispute resolution.

17. In general, FirstKey's policies and procedures were not denied to other similarly situated younger employees, particularly field inspectors, located throughout the FirstKey multi-state system.

18. On August 13, 2018, FirstKey terminated Mr. Howe's employment. The company's alleged basis was that he "acted on behalf of FirstKey Homes, despite being told by Human Resources and your manager that you were not yet released to work."

19. Mr. Howe states that his termination was based upon age discrimination, as FirstKey engaged in a pattern of discrimination and treatment to which other younger similarly situated employees were not subjected.

## FIRST CAUSE OF ACTION
*Age discrimination under federal anti-discrimination statutes*

20. Plaintiff Mr. Howe repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19.

21. Defendant FirstKey as an employer, knew or should have known of its long-standing obligation, pursuant to federal statutes, to maintain a workplace free of age discrimination.

22. Defendant FirstKey failed to take reasonably adequate steps to prevent age discrimination/harassment in its workplace.

23. Defendant FirstKey failed to institute effective institutional policies to remedy complaints about conduct which might constitute age discrimination.

24. Therefore, Mr. Howe charges that Defendant FirstKey has discriminated against him based his age, and that Defendant FirstKey through the actions of its management, allowed, authorized and ratified these actions.

25. Mr. Howe has also suffered mental and emotional distress as a result of this unlawful discrimination.

26. As a direct and proximate result of FirstKey's discrimination, Mr. Howe has been deprived of economic benefits, including, but not limited to, lost wages, loss of fringe benefits, earning capacity, and loss of job opportunities (promotions) in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION
*Retaliation under federal anti-discrimination statutes*

27. Plaintiff repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 26.

28. Defendant FirstKey knew or should have known of its obligation to refrain from and prevent retaliatory acts against Mr. Howe and FirstKey failed to do so.

29. Defendant FirstKey subjected Mr. Howe to adverse terms and conditions of employment after he complained directly to his supervisor as well as other members of FirstKey management regarding the harassment which constitute unlawful retaliation.

30. Defendant FirstKey further retaliated against Mr. Howe by failing to take corrective action after his reports of unlawful harassment.

31. As a direct and proximate result of FirstKey's discrimination and harassment, Mr. Howe has been deprived of economic benefits, including, but not limited to, lost wages, loss of fringe benefits, earning capacity, and loss of job opportunities (promotions) in an amount to be proven at the time of trial.

32. Defendant FirstKey's retaliatory actions against Mr. Howe have caused, continue to cause, and will cause him to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, inconvenience, and other nonpecuniary losses.

33. It has been necessary for Mr. Howe to retain the services of an attorney. He is entitled to reasonable attorneys' fees, including litigation expenses, and the costs in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Fletcher Howe, respectfully prays as follows:

1. A trial by jury on all issues;
2. All employment-related losses subject to proof;
3. All compensatory, special and general damages allowed by law;
4. Punitive damages in an amount found by the jury to be sufficient to punish and/or deter Defendant and all others from engaging in any such conduct in the future as an example to other employers not to engage in such conduct;
5. Attorneys' fees and costs of suit incurred herein;
6. Prejudgment interest;
7. Injunctive relief as appropriate; and

. . .

. . .

. . .

8. Such other and further relief as the Court shall deem just and proper.

Dated this 20th day of July, 2022.

HOLMAN LAW OFFICE

By: /s/ Kristina S. Holman
Kristina S. Holman
Nevada Bar No. 3742
8275 S. Eastern Ave., Suite 215
Las Vegas, NV 89123
Tel: (702) 614-4777
*Attorney for Plaintiff, Fletcher Howe*

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 34B-2019-00883 |

Nevada Equal Rights Commission                                          and EEOC
*State or local Agency, if any*

**Name** *(indicate Mr., Ms., Mrs.)*: Fletcher Howe
**Home Phone** *(Incl. Area Code)*: [redacted]
**Date of Birth**: 1948

**Street Address**: [redacted] **City, State and ZIP Code**: Las Vegas, NV 89117

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

**Name**: FIRST KEY HOMES LLC
**No. Employees, Members**: 201 - 500
**Phone No.** *(Include Area Code)*: (720) 726-0205

**Street Address**: 1850 Parkway Place #900, Marietta, GA 30067

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*:
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 03-01-2018    Latest: 08-13-2018
[ ] CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s))*:

The Respondent discriminated against me due to my age (71). I was subjected to disparate terms and conditions of employment and discriminatorily discharged on August 8, 2018. I filed my Intake Inquiry Form with the intent to file a Charge of Discrimination against the Respondent with the Nevada Equal Rights Commission on April 26, 2019.

I was hired by the Respondent on January 29, 2018 as a Field Inspector. I was in that same position until my involuntary discharge on August 8, 2018.

On or about March 2018, I inspected a home that was not assigned to me with the intent of assisting the company. I discovered that the roof of the home had substantial damage. I immediately notified Western Regional Operations Manager Monica Adams (30) about the situation and explained that repairs needed to be done as soon as possible. Monica responded by stating that the repairs would be done once the tenants move out, which was about nine (9) months away. I again explained to Ms. Adams that repairs should be

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Date**: Jul 11, 2019
**Charging Party Signature**: [signature]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>34B-2019-00883 |
|---|---|---|

**Nevada Equal Rights Commission** and EEOC
*State or local Agency, if any*

done as soon as possible as the roof will leak and possibly cause additional damages to the home.

A few days after this incident, I was advised by Ms. Adams that I now had a 30-minute time limit to complete a full inspection of a home. I voiced my concern and indicated that 30 minutes is not enough time to complete a full and thorough inspection. I also discovered that the other two younger Field Inspectors Tony Faska (50) and Mike Thompson (50) were not subjected to the 30-minute time limit.

Days later, I received an email from Ms. Adams indicating she wants to go over a few things with me and was instructed to participate in a conference call on May 21, 2018 to further discuss the matter. After logging into the system for the conference call, Ms. Adams explained that I needed to sign what is essentially a final warning letter. Regional Vice President of Property Operations Western Region Dawn Benavente also participated in the conference call. I requested Ms. Adams email me a copy of the letter she wanted me to sign and after receiving it, I noticed that the 30-minute time limit was listed as part of my job requirements. I refused to sign the letter as 30-minutes for an inspection is unreasonable. I requested Ms. Adams to provide me with contact information for a representative from Human Resources in the Field Division. Ms. Adams provided me with the number to Human Resources Senior Officer T.J. Crosby.

I later contacted Mr. Crosby and explained the situation. Mr. Crosby stated that Ms. Adams and Ms. Benavente went around him and contacted Human Resources Senior Officer in the Corporate Division Rachel Scott instead.

I wrote a letter to Ms. Scott and explained the situation, but Ms. Scott did not respond to my letter. I then wrote a letter to the head of Human Resources Sherri Nadnau and I was once again not given a response. Days later I was given a letter of discharge.

I believe I was subjected to these adverse actions due to my age (71).

I believe the Respondent's actions violated the Age Discrimination in Employment Act (ADEA) and Nevada State Law.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 11, 2019
Date | Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)