KAEMPFER CROWELL
Louis M. Bubala III, No. 8974
Ryan Daniels, No. 13094
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: lbubala@kcnvlaw.com
Email: rdaniels@kcnvlaw.com

**Attorneys for FirstKey Homes, LLC**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| FLETCHER HOWE, | Case No. 2:22-cv-01166-JCM-DJA |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT FIRSTKEY HOMES, LLC'S AND PLAINTIFF FLETCHER HOWE'S JOINT MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT** |
| FIRSTKEY HOMES, LLC; DOES I THROUGH X INCLUSIVE; and, ROE CORPORATIONS 1 through X, inclusive, | |
| Defendants. | **(First Request)** |

Defendant, FirstKey Homes, LLC, by and through its counsel, Kaempfer Crowell and Plaintiff, Fletcher Howe, by and through his counsel Kristina Holman, move to extend time to answer or otherwise respond to Plaintiff's complaint until January 3, 2023. This is the parties first request. This motion is based on the pleadings and papers on file herein, FRCP 6(b), the following memorandum of

points and authorities, the declaration of Ryan W. Daniels, and the argument of counsel as may be heard by this Court.

Dated: December 1, 2022

KAEMPFER CROWELL

/s/ Ryan W. Daniels
Louis M. Bubala III, No. 8974
Ryan W. Daniels, No. 13094
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

**Attorneys for Defendant FirstKey Homes, LLC**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Court issued a Summons to FirstKey Homes, LLC on July 20, 2022. ECF No. 2. On November 3, 2022 Plaintiff Fletcher Howe returned an executed summons noting that the complaint had been served on October 18, 2022. The answer was due on November 8, 2022. Due to excusable neglect, FirstKey has not yet filed an answer. As soon as FirstKey's counsel learned it had been served the summons and complaint, counsel reached out to Howe's counsel to see if Howe would agree to an extension of 30 days to answer or respond to the complaint. Ex. A, Declaration of Ryan Daniels. Howe graciously agreed to the extension**. Ex. A**.

FirstKey therefore respectfully moves this Court to extend the time to answer Plaintiff's complaint until January 3, 2023.

## II. ARGUMENT

Under FRCP 6(b)(1)(B), a court may extend the time for a defendant to answer a complaint "on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is an equitable doctrine which takes "account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993).  "To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor, equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Morrow v. Fess Sec.*, No. 220CV00307APGBNW, 2021 WL 1084768, at *1 (D. Nev. Feb. 25, 2021) (cleaned up).

Here, there is no danger of prejudice to Howe as he agreed to the extension. In fact, the parties have discussed the possibility of settlement during this extension. Moreover, Howe has not sought entry of default and courts favor having cases tried on the merits. Allowing FirstKey this extension will permit the matter to be considered on its merits.  This factor weighs in favor of granting an extension.

The additional delay in answering or responding to the complaint will be short—FirstKey is only seeking until January 3, 2023. FirstKey seeks this extension because it requires additional time to prepare a responsive pleading to the Plaintiff's Complaint and assess other means to resolve this complaint.

Finally, the delay is due to inadvertence. Nonetheless, as soon as counsel learned Howe had served FirstKey, counsel reached out to Howe's counsel to discuss the situation. Despite this initial inadvertence, FirstKey has diligently and in good faith sought to remedy its excusable neglect.

### III. CONCLUSION

For the foregoing reasons, this Court should grant FirstKey an extension of time to answer or respond to Plaintiff's complaint until January 3, 2023.

DATED December 1, 2022.

| HOLMAN LAW OFFICE | KAEMPFER CROWELL |
|---|---|
| By: */s/Kristina S. Holman*<br>Kristina S. Holman, No. 3742<br>8275 S. Eastern Ave., Ste. 215<br>Las Vegas, NV 89123 | By: */s/ Ryan W. Daniels*<br>Louis M. Bubala III, No. 8974<br>Ryan W. Daniels, No. 13094<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada 89135 |
| **Attorney for Plaintiff Fletcher Howe** | **Attorneys for Defendant FirstKey Homes, LLC** |

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 12/2/2022

# CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **DEFENDANT FIRSTKEY HOMES, LLC'S AND PLAINTIFF FLETCHER HOWE'S JOINT MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT (First Request)** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

Kristina S. Holman, No. 3742
Holman Law Office
8275 S. Eastern Ave., Ste. 215
Las Vegas, NV 89123
kholman@kristinaholman.com

Attorney for Plaintiff Fletcher Howe

DATED December 1, 2022.

              */s/ Linda Gilman*
              an employee of Kaempfer Crowell

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT "A"

# DECLARATION OF RYAN W. DANIELS

# EXHIBIT "A"

1

## DECLARATION OF RYAN DANIELS

Ryan W. Daniels declares as follows:

1. I am competent to testify as to the matters in this Declaration and they are based upon my own personal knowledge.

2. I make this Declaration in support of Defendant FirstKey Homes, LLC's motion to extend time to answer or otherwise respond to Plaintiff's complaint.

3. On December 1, 2022, FirstKey's out-of-state counsel contacted my office and informed me that they had just learned from FirstKey that it had been served the summons and complaint in this matter on October 18, 2022.

4. FirstKey's out-of-state counsel had learned about the service of the complaint when it was monitoring court dockets on December 1, 2022 and found an entry in this case for November 3, 2022 which stated: "SUMMONS Returned executed by Fletcher Howe re 1 Complaint,. FirstKey Homes, LLC served on 10/18/2022." ECF No. 6.

5. Out-of-state Counsel immediately contacted FirstKey to confirm that the docket entry was correct and then contacted my office.

6. I immediately reached out to Plaintiff Howe's counsel, Kristina Holman, to explain that I had just learned of the served complaint and requested an

extension to respond to the complaint so FirstKey could prepare a responsive pleading.

7. Ms. Holman graciously agreed to the extension and suggested we could also use the extended time to discuss settlement.

8. I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

*/s/ Ryan W. Daniels*

RYAN W. DANIELS

3